UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASEAN BONIE,

Plaintiff,

-against-

ANTHONY ANNUCI; ROYCE HANNS; C.O. OFFICER D. GERMANO; C.O. OFFICER "X" MAHON,

Defendants.

20-CV-2409 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that he was falsely accused of misbehavior and denied his due process rights in the disciplinary hearing that followed. By order dated April 20, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Nasean Bonie alleges that on December 9, 2018, he was served with a Tier II misbehavior report for an incident that took place on December 7, 2018. (Compl., ECF No. 1, at 3). He states that the disciplinary notice charged him with six offenses: "1–[Disobeying a] direct

order, 2-Threat, 3- Interference, 4-Out of place, 5-Movement violation, 6-Threat of violence." (*Id.* at 8). According to Plaintiff, the disciplinary report signed by Officers Germano and Mahon had several errors or omissions. First, the report was dated "November 5," that is, one month before the incident took place. (*Id.* at 8-9). Second, the name of a third officer, who Plaintiff states was present during the incident, was omitted from the report. Plaintiff indicates that this third officer has indicated that he or she did not hear Plaintiff make any threat.

Plaintiff wrote a prison grievance on December 13, 2018, stating that he has "been ILLEGALLY confined (keep locked) to [his] cell because of the false report since 12-7-18!" (*Id.* at 9). He argues that the disciplinary report must be untrue because "[i]f these officers felt threatened by me then why didn't they pull the emergency pin for immediate security response? That's because the[i]r statements of facts are absolutely false and they lied to have me receive punishment for their own gratification." (*Id.* at 9.)

Plaintiff alleges that these officers have continued to act aggressively toward him. On December 12, 2018, Officer Mahon asked Plaintiff whether he took medication. When Plaintiff shook his head rather than verbalizing his response, Officer Mahon raised his voice to "a very aggressive pitch" and said, "Didn't you just hear what the fuck I said?" (*Id.* at 10).

Plaintiff fears that Defendants Germano and Mahon will target him further and seeks to have these officers immediately suspended pending a formal hearing into their conduct. Plaintiff brings this suit against Defendants Germano and Mahon, Hearing Officer Hanns, and New York State Department of Corrections and Community Supervision (DOCCS) Acting Commissioner Anthony Annucci. Plaintiff seeks damages and an injunction directing defendants not to engage in further harassment.

## DISCUSSION

### A. Unprofessional Conduct

Verbal abuse, threats, and intimidation, standing alone, without injury or damage, do not amount to a constitutional deprivation. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (holding that name-calling without "any appreciable injury" is not a constitutional violation); *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) ("[V]erbal intimidation does not rise to the level of a constitutional violation."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("[V]erbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S. C. § 1983") (citation omitted). Plaintiff's allegations that Correction officer Mahon raised his voice to "a very aggressive pitch" and used profanity, while abhorrent, do not state a claim for a violation of Plaintiff's constitutional rights absent further allegations of injury or damage.

### B. False Misbehavior Report

"[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). In *Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986), the Second Circuit held that where the prisoner "was granted a hearing, and was afforded the opportunity to rebut the charges against him, the defendant's filing of unfounded charges did not give rise to a *per se* constitutional violation actionable under section 1983. Plaintiff suffered as a result of the finding of guilty by the prison disciplinary committee hearing, and not merely because of the filing of unfounded charges by the defendant."

Allegations of false disciplinary charges therefore generally do not rise to the level of a constitutional claim unless a plaintiff shows something more, such as that the misbehavior report

was filed in retaliation for the prisoner exercising his constitutional rights. *See Boddie,* 105 F.3d at 862; *Freeman,* 808 F.2d at 951.

Here, Plaintiff alleges that correction officers filed unfounded disciplinary charges against him, and he fears that they will do so again. Plaintiff does not allege, however, that the charges were filed to retaliate against him for exercising his First Amendment rights or other constitutional rights. Plaintiff's allegations that the disciplinary charges against him were false and were dismissed after a disciplinary hearing thus fail to state a claim under § 1983 for a violation of his constitutional rights. The Court considers, however, whether Plaintiff states a claim that he was denied due process in the disciplinary proceedings against him.

**C. Due Process in Disciplinary Proceedings**

"In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).

"A prisoner's liberty interest is implicated by prison discipline, such as SHU [segregated housing unit] confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009); *Kalwasinski v. Morse,* 201 F.3d 103,107-08 (2d Cir. 1999) (discussing factors relevant to deciding if confinement in SHU constitutes an atypical hardship).

Where a liberty interest is implicated, a prisoner is not entitled to "the full panoply of rights" due in a criminal prosecution but is generally entitled to "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

Plaintiff alleges that he received notice of the charges against him on December 9, 2018, two days after the incident. Lieutenant Hanns, who presided over the hearing on the disciplinary charges, "was bias[ed]." (*Id.* at 4). Plaintiff remained in keep lock from December 7, 2018, until at least January 13, 2019, the date that he wrote the grievance attached to the complaint. (*Id.* at 8.) On January 15, 2019, Plaintiff received a written notice signed by Captain Norton, stating that the misbehavior report was being dismissed, and Plaintiff was being released.

Plaintiff's allegations that he was detained in keep lock for approximately 30 days are insufficient to show that he was deprived of a liberty interest. *See, e.g.*, *Davis*, 576 F.3d at 133 ("[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection"). Plaintiff also does not allege that the conditions of his confinement were otherwise unusually restrictive. It therefore appears that Plaintiff was not deprived of a liberty interest such that he is entitled to due process protection.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims, including any allegations that he was deprived of a liberty interest because his keep lock confinement was particularly restrictive. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the

amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to renewal at a later date. (ECF No. 4).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2409 (LLS). An Amended Civil Rights

Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated: April 23, 2020
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________________

_______________________________________________
Write the full name of each plaintiff.

_____CV_______________
(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _______________ Plaintiff's Signature _______________

First Name Middle Initial Last Name

Prison Address

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _______________